## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

Dr. Athman Bouguettaya, et. al.,

        Plaintiffs.

                                        **CASE NUMBER 1:06CV00482**
                                        **JUDGE: Richard J. Leon**

     v.

Michael Chertoff, Secretary DHS, et. al.,

        Defendants.

### PLAINTIFFS' MOTION TO COMPEL ADJUDICATION OF PLAINTIFF DR. BOUGUETTAYA'S APPLICATION FOR EMPLOYMENT AUTHORIZATION AND ADVANCE PAROLE PENDING WITH THE USCIS

1.     Plaintiffs, Dr. Athman Bouguettaya, et. al. by and through their attorney, respectfully move the Court, pursuant to Fed. R. Civ. P. Rule 7, for an interim order compelling adjudication of Plaintiff Dr. Bouguettaya's interim application for Employment Authorization (EAD) and Advance Parole (AP) document.  In support of this motion, the Plaintiffs respectfully submit the instant memorandum.  Pursuant to LCvR 7(c), a proposed order consistent with this motion is attached.

Dated:  August 3, 2006

                             Respectfully submitted,

                           _____

                           RAJIV S. KHANNA,
                           Attorney for Plaintiffs
                           D.C. Bar No. 419023

Law Offices of Rajiv S. Khanna, P.C.
5225 N. Wilson Boulevard
Arlington, Virginia 22205
Phone: 703-908-4800, Extension 110
Facsimile: 703-908-4890
e-mail: rskhanna@immigration.com

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

Dr. Athman Bouguettaya, et. al.,

        Plaintiffs.

                                   **CASE NUMBER 1:06CV00482
JUDGE: Richard J. Leon**

    v.

Michael Chertoff, Secretary DHS, et al.,

        Defendants.

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
OF PLAINTIFFS' MOTION TO COMPEL ADJUDICATION OF
PLAINTIFF DR. BOUGUETTAYA'S APPLICATION FOR
EMPLOYMENT AUTHORIZATION AND ADVANCE PAROLE
PENDING WITH THE USCIS**

RAJIV S. KHANNA
Law Offices of Rajiv S. Khanna, P.C.
5225 N. Wilson Boulevard
Arlington, Virginia 22205
D.C. Bar No. 419023
Phone: 703-908-4800, Extension 110
Facsimile: 703-908-4890
E-mail: rskhanna@immigration.com

Attorney for Plaintiffs

# TABLE OF CONTENTS

**TABLE OF AUTHORITIES** ............................................................................................ ii

**NATURE OF THE CASE** ............................................................................................ 1

**ARGUMENTS** ............................................................................................................. 3

    I.    JURISDICTION IS PROPER IN THE CASE AT BAR AND THIS COURT HAS THE POWER TO ADJUDICATE THIS MATTER AND GRANT RELIEF TO THE PLAINTIFFS: ............................................................................. 3

    II.   PREJUDICE CAUSED TO THE PLAINTIFFS: ................................................ 4

    III.  FIFTH AMENDMENT- THE GOVERNMENT DELAY HAS RESULTED IN A VIOLATION OF THE FIFTH AMENDMENT DUE PROCESS RIGHTS OF THE PLAINTIFFS: ............................................................................... 8

    IV.  SECTION 202 of AC21, 8 U.S.C. § 1571, LAYS DOWN A 180-DAY TIMETABLE AS THE PARAMETERS OF REASONABLENESS IN THE ADJUDICATION OF IMMIGRATION APPLICATIONS. .............................. 10

    V.   ADMINISTRATIVE PROCEDURE ACT- THE DEFENDANTS VIOLATED THE APA, 5 U.S.C. § 555 AND 5 U.S.C. § 702. ............................................ 11

    VI.  A COURT ORDER COMPELLING EXPEDITED ADJUDICATION OF EAD AND AP APPLICATIONS WILL NOT AFFECT OTHER AGENCY ACTIVITIES: .............................................................................................. 12

**PRAYER FOR RELIEF** ............................................................................................. 14

## <u>TABLE OF AUTHORITIES</u>

<u>CASES</u>

*Cutler v. Hayes*, 818 F.2d 879 (D.C. Cir. 1987) .................................................................13

*Federal Deposit Ins. Corp. v. Mallen*, 486 U.S. 230 (1988) ............................................ 8

*FTC v. H.N. Singer, Inc.*, 668 F.2d 1107 (9th Cir. 1982) ..................................................4

*Mathews v. Eldridge*, 424 U.S. 319 (1976)......................................................................8

*MCI Telecommunication Corp. v. FCC*, 627 F.2d 322 (D.C. Cir. 1980) .........................13

*Meyer v. Nebraska*, 262 U.S. 390 (1923) .....................................................................8, 9

*Muwekma Tribe v. Babbitt*, 133 F. Supp. 2d 30 (D.D.C. 2000) ......................................11

*Public Citizen Research Group v. FDA*, 740 F.2d 21 (D.C. Cir 1984) ............................12

*Reebok Int'l, Ltd. v. Marnatech Enter., Inc.*, 970 F.2d 552 (9th Cir. 1992) .......................4

*Schware v. Board of Bar Examiners*, 353 U.S. 232 (1957)...............................................8

*TRAC v. FCC*, 750 F.2d 70 (D.C. Cir. 1984)............................................................11, 12

*Xiao v. Reno*, 930 F. Supp. 1377 (N.D. Cal. 1996).........................................................4

<u>STATUTES</u>

5 U.S.C. § 504 (2006) .......................................................................................................3

5 U.S.C. § 555 (2006) ................................................................................................10, 11

5 U.S.C. § 701 (2006) ..................................................................................................3, 11

5 U.S.C. § 702 (2006) .....................................................................................................11

5 U.S.C. § 706 (2006) .....................................................................................................11

8 C.F.R. § 245.2 (2006) ....................................................................................................4

8 C.F.R. § 274a.12 (2006) .................................................................................................4

8 U.S.C. § 1101 (2006) ..................................................................................................3, 4

8 U.S.C. § 1252 (2006) .....................................................................................................3

8 U.S.C. § 1571 (2006) ..........................................................................................9, 10, 13

8 U.S.C. § 1573 (2006) ...................................................................................................10

28 U.S.C. § 1331 (2006) ...................................................................................................3

28 U.S.C. § 1361 (2006) ...................................................................................................3

28 U.S.C. § 1651 (2006) ...................................................................................................3

28 U.S.C. § 2201 (2006) ...................................................................................................3

28 U.S.C. § 2412 (2006) ...................................................................................................3

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

Dr. Athman Bouguettaya, et. al.,

        Plaintiffs.

                                       **CASE NUMBER 1:06CV00482**
                                       **JUDGE: Richard J. Leon**

    v.

Michael Chertoff, Secretary DHS, et. al.,

        Defendants.

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION TO COMPEL ADJUDICATION OF PLAINTIFF DR. BOUGUETTAYA'S APPLICATION FOR EMPLOYMENT AUTHORIZATION AND ADVANCE PAROLE PENDING WITH THE USCIS**

    Plaintiff, Dr. Athman Bouguettaya, et. al., by and through their attorney, respectfully move the Court, pursuant to Fed. R. Civ. P. Rule 7, for an interim order compelling adjudication of Plaintiff Dr. Bouguettaya's application for Employment Authorization (EAD) and Advance Parole (AP) document. In support thereof, Plaintiffs respectfully submit the instant Memorandum.

**NATURE OF THE CASE**

    Plaintiffs have brought this action challenging unreasonable delays in processing the Plaintiffs' Employment-Based Adjustment of Status (AOS) Applications pending before the Vermont Service Center of the United States Citizenship & Immigration Service (USCIS) and requesting mandamus, as well as declaratory and injunctive relief.

    Plaintiffs' AOS applications are pending as of the date of this Complaint

1

before the Vermont Service Center and the Washington District Office of the USCIS since December 17, 2001 (bearing Receipt Numbers: EAC 02-080-50130, EAC 02-080-50105 and EAC 02-080-50162). The Plaintiffs appear before this honorable court on their own behalf as individuals.

Plaintiffs are citizens of Australia.

Plaintiff, Dr. Athman Bouguettaya, is employed as a Professor of Computer Science at the Northern Virginia campus of Virginia Polytechnic Institute & State University (Virginia Tech) located at 7054 Haycock Road, Falls Church, Virginia 22043. Plaintiff, Dr. Bouguettaya is an employment-based AOS applicant who has applied for adjustment of status under the employment-based category and is awaiting its adjudication.

Plaintiff, Malika Bouguettaya is his wife and holds derivative immigration status as Dr. Bouguettaya's spouse.

Plaintiff, Mohamed I. Bouguettaya (born on May 21, 1996), with the legal status of a child, is represented by his parents Athman and Malika, in the instant complaint.

Plaintiff, Dr. Bouguettaya has also applied to renew his EAD and AP. As detailed in the Plaintiffs' complaint, Plaintiffs have been harmed by the challenged policies and practices of the USCIS.

## ARGUMENTS

**I.    JURISDICTION IS PROPER IN THE CASE AT BAR AND THIS COURT HAS THE POWER TO ADJUDICATE THIS MATTER AND GRANT RELIEF TO THE PLAINTIFFS:**

This Court has subject matter jurisdiction over this action under 28 U.S.C. § 1331 (2006) (federal question jurisdiction) because Plaintiffs' claims arise under the Constitution and the laws of the United States, including (1) the Fifth Amendment of the U.S. Constitution, (2) the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1101 (2006), (3) the Administrative Procedures Act ("APA"), 5 U.S.C. § 701 (2006), (4) the Mandamus Act, 28 U.S.C. § 1361 (2006), and (5) all applicable regulations, policies, and procedures arising thereunder.    There is clear and absolute federal subject matter jurisdiction under the Fifth Amendment and the Immigration and Nationality Act. Furthermore, federal subject matter jurisdiction is also proper under the Administrative Procedure Act and the Mandamus Act.    This Court may grant relief in this action under (1) the APA, 5 U.S.C. § 701 (2006), (2) the Mandamus Act, 28 U.S.C. § 1361 (2006), (3) the All Writs Act, 28 U.S.C. § 1651 (2006), (4) the Declaratory Judgment Act, 28 U.S.C. § 2201 (2006), and (5) the Equal Access to Justice Act, 5 U.S.C. § 504 (2006) and 28 U.S.C. § 2412 (2006).

There are no administrative remedies available to Plaintiffs to redress the grievances described herein.    This action challenges only the Defendants' timeliness in adjudications, procedural policies and related practices, not the granting or denial of the EAD and AP applications.    Therefore, the jurisdictional limitations of 8 U.S.C. § 1252 (2006) are not applicable.

The adjudication of the EAD and AP applications is ancillary to the AOS

application and the Court has authority over these ancillary matters. "The power to award complete relief includes the power to award 'ancillary relief necessary to accomplish complete justice.'" *Xiao v. Reno*, 930 F. Supp. 1377, 1379 (N.D. Cal. 1996) (quoting *Reebok Int'l, Ltd. V. Marnatech Enter., Inc.*, 970 F.2d 552, 560 (9th Cir. 1992) (quoting *FTC v. H.N. Singer, Inc.*, 668 F.2d 1107, 1113 (9th Cir. 1982)).

## II.    PREJUDICE CAUSED TO THE PLAINTIFFS:

During the pendency of the AOS applications, it is the Defendants' policy to issue EAD's and AP's.

AOS applicants are authorized to work in the United States upon approval of their EAD. 8 C.F.R. § 274a.12(c)(9) (2006).

Since December 17, 2001, Plaintiff Dr. Bouguettaya has been constrained to apply for and obtain Employment Authorization five times. Application dates have been December 17, 2001, October 22, 2002, September 8, 2003, October 20, 2004 and on September 16, 2005.

The application for EAD (bearing Receipt Number: MSC-05-800-96467) filed by Plaintiff Dr. Bouguettaya on September 16, 2005 is still pending with the USCIS.

Defendant Vermont Service Center of USCIS is currently adjudicating EAD applications received by its office on or before April 16, 2006.

8 C.F.R. §245.2(a)(4)(ii) (2006) permits travel outside the United States by an AOS applicant and it shall not be deemed an abandonment of the application if the applicant was previously granted AP by USCIS.

AOS applicants may travel outside the United States freely and generally are readmitted to the United States automatically. 8 U.S.C. § 1101(a)(13)(C) (2006).

Since December 17, 2001, Plaintiffs have been constrained to request and obtain AP five times, on December 17, 2001, October 22, 2002, November 13, 2003, November 23, 2004, and February 1, 2006.

The application for AP (bearing Receipt Number: MSC-06-800-84498) filed by Plaintiff Dr. Bouguettaya on February 1, 2006 is still pending with the USCIS.

Defendant Vermont Service Center is currently adjudicating AP applications received by its office on or before May 14, 2006.

On June 13, 2006, counsel for Defendants informed the counsel for the Plaintiffs that USCIS is unable to adjudicate the EAD and AP documents pending "background checks" during the AOS process.

Defendants further claim that all these applications are not ripe.

These claims by Defendants are meritricious.  In the instant motion, Plaintiffs' are not requesting the adjudication of the AOS applications, which are the subject matter of the main action pending before this court.  **Plaintiffs' are only requesting the adjudication of these interim applications that are routinely adjudicated during the AOS process and not the approval of these applications.**

It has uniformly been the policy of USCIS to issue the EAD and AP documents pending "background checks" during the AOS process.  In this regard, please refer to **Exhibit A**, a copy of an affidavit executed by Mr. Samuel G. McTyre, counsel practicing U.S. Immigration Laws since 1983.

In declining to adjudicate the EAD and AP applications in the instant matter, USCIS is violating its own regulations and policy and causing unnecessary prejudice to the Plaintiffs.

The non-adjudication of these interim applications amounts to a punitive measure being exceeded to the Plaintiffs. This is not the first time that Plaintiff Dr. Bouguettaya is filing these applications or is requesting for the grant of the EAD and AP benefit. The Plaintiff Dr. Bouguettaya has been granted these applications previously on several occasions.

Plaintiff Dr. Bouguettaya requires the EAD in order to continue to be employed by Virginia Tech University after September 30, 2006. Plaintiff Dr. Bouguettaya will be teaching the fall 2006 semester at the Blacksburg campus of Virginia Tech, and he has already moved to Blacksburg to join the Computer Science department there.

Without the EAD, Plaintiff Dr. Bouguettaya will not be able to teach in fall 2006 and may permanently lose his job at Virginia Tech.

In the absence of any work authorization, Plaintiff Dr. Bouguettaya would no longer be able to advise his five PhD students on their thesis thereby potentially jeopardizing their career. Plaintiff Dr. Bouguettaya is the only faculty member in the department of Computer Science at Virginia Tech who has the expertise to advise them in their field of study.

Furthermore, Plaintiff Dr. Bouguettaya would not be able to work on a federally funded project by National Institute of Health, and its follow-up pending project, which aims at building a cyber infrastructure to provide customized services to improve senior citizens health and well being.

In the absence of any work authorization, Plaintiff Dr. Bouguettaya would not be able to work on a major project funded by the National Science Foundation due to start in the next few weeks. The project aims at laying the foundation for programmable services

to be automatically and safely combined on the Web.  This project has far reaching applications that range from helping efficiently and automatically discovering new drugs, and enabling e-commerce and e-government.

In addition, Plaintiff Dr. Bouguettaya would also not be able to work on a soon to be submitted project to use Information Technology to predict, detect and design treatment to colorectal cancer, which he is working on in collaboration with his colleagues from Purdue and Indiana University and a consortium of other doctors in Indiana.   Please refer to **Exhibit B**, a copy of an affidavit by the Plaintiff, Dr. Bouguettaya in this regard.

Additionally, Plaintiff Dr. Bouguettaya requires the AP in order to travel to Algeria in the near future.  Plaintiff Dr. Bouguettaya wishes to visit Algeria to see and be with his 78 yrs. old ailing mother who is suffering from many serious heart ailments.

These factors constitute exceptional circumstance and an urgency justifying a court order.

Based on the foregoing, USCIS has failed in its duty to Plaintiffs and the Plaintiffs therefore request that this Court issues an interim order directing and compelling the Service to adjudicate these pending applications.

There is no legal impediment for USCIS to adjudicate Plaintiff Dr. Bouguettaya's EAD and AP applications.

It is also demonstrated that Plaintiff Dr. Bouguettaya is justly deserving of having these applications adjudicated without waiting for "background checks".

### III.   FIFTH AMENDMENT- THE GOVERNMENT DELAY HAS RESULTED IN A VIOLATION OF THE FIFTH AMENDMENT DUE PROCESS RIGHTS OF THE PLAINTIFFS:

Plaintiffs' rights to due process of law under the Fifth Amendment to the U.S. Constitution has been and is being violated and will continue to be violated by Defendants' policies and practices as described herein.  The relevant language of the Fifth Amendment states "No person shall … be deprived of life, liberty, or property, without due process of law."  The Supreme Court suggested that in an extreme case agency delay may create a due process violation. *See Federal Deposit Ins. Corp. v. Mallen*, 486 U.S. 230 (1988).  In determining whether the delay constituted a due process violation, the Court suggested a *Mathews* type analysis, balancing the private interest against the government's interest and justification for the delay.  *Id.* at 241; *see Mathews v. Eldridge*, 424 US 319 (1976).

The term "liberty" has been broadly construed to include the right "to engage in any of the common occupations of life." *Meyer v. Nebraska*, 262 U.S. 390, 399 (1923). *See also, Schware v. Board of Bar Examiners*, 353 U.S. 232, 238 (1957).  The Supreme Court further stated, "While this court has not attempted to define with exactness the liberty thus guaranteed, the term has received much consideration and some of the included things have been definitely stated."  *Meyer*, 262 U.S. at 399.  "Without doubt, it denotes not merely freedom from bodily restraint but also the right of the individual to contract, ***to engage in any of the common occupations of life***, to acquire useful knowledge, to marry, ***establish a home*** and bring up children, to worship God according to the dictates of his own conscience, and generally to enjoy those privileges long recognized at common law as essential to the orderly pursuit of happiness by free men."

*Id.* (emphasis added). "The established doctrine is that this liberty may not be interfered with, under the guise of protecting the public interest, by legislative action that is arbitrary or without reasonable relation to some purpose within the competency of the State to effect". *Id.* at 400.

The unreasonable delay in the adjudication of the EAD application has made it uncertain whether Plaintiff Dr. Bouguettaya will be able to continue his employment. This will result in a "loss or diminishment of employment" which should fall within the scope of "to engage in the common occupations of life." *Id.* Furthermore, the uncertainty and insecurity of whether one will be granted employment authorization ultimately leads to uncertainty of whether one can remain permanently in the United States. Therefore, these delays interfere with the right to "establish a home." *Id.*

The potential argument that these delays are necessary to protect national security and prevent potential terrorists from entering the country does not seem reasonable in this case. Defendants have granted EADs and APs to plaintiffs several times in the past and there is no reason there should be such a delay in the present case. These delays are unreasonable and the Defendants should be able to adjudicate these applications within the standards and through the procedures as set forth by Defendants within the 180 days[1] as envisaged by Congress.

---

[1] 8 U.S.C. §1571 (2006)

**IV.    SECTION 202 of AC21, 8 U.S.C. § 1571, LAYS DOWN A 180-DAY TIMETABLE AS THE PARAMETERS OF REASONABLENESS IN THE ADJUDICATION OF IMMIGRATION APPLICATIONS.**

Defendants, despite having a duty to act within a reasonable time have failed to adjudicate Plaintiff Dr. Bouguettaya's EAD and AP applications within a reasonable time.

Section 202 of the Immigration Services and Infrastructure Improvements Act of 2000, 8 U.S.C. § 1571 (2006), clearly lays down the parameters of reasonableness in the adjudication of immigrant benefit applications, stating: "It is the sense of Congress that the processing of an immigration benefit application should be completed *not later than 180 days* after the initial filing of the application . . . ." 8 U.S.C. § 1571 (2006) (emphasis added).

Section 204 of the Immigration Services and Infrastructure Improvements Act of 2000, 8 U.S.C § 1573 (2006), mandates that the "Attorney General shall take such measures as may be necessary to . . . reduce the backlog in the processing of immigration benefit applications, with the objective of the total elimination of the backlog 1 year after November 25, 2002 (as amended)." The Section also mandates that future backlogs must be prevented and infrastructure improvements must be made for effective provision of immigration services. The Immigration Services & Infrastructure Improvements Act of 2000 (AC21) was enacted on October 17, 2000, more than five years ago. The Defendants have even failed to promulgate regulations that would at least permit orderly administration of laws and procedures. Defendants are also required by 5 U.S.C. § 555(b) (2006) "to conclude a matter" within "a reasonable time".

In failing to process Plaintiff Dr. Bouguettaya's applications and adjudicate his case within a reasonable time, USCIS has directly and proximately caused unnecessary and injurious delays to Plaintiffs, in violation of their rights.

### V.    ADMINISTRATIVE PROCEDURE ACT- THE DEFENDANTS VIOLATED THE APA, 5 U.S.C. § 555 AND 5 U.S.C. § 702

By failing to adjudicate these applications within a reasonable time, Defendants are liable for violation of the Administrative Procedures Act, 5 U.S.C. § 555 and 5 U.S.C. § 702.   Additionally, Defendant's practices and procedures violate the Administrative Procedure Act and constitute agency action that is arbitrary and capricious, and not in accordance with law. 5 U.S.C. § 701, 702, 706 ("…agency action unlawfully withheld or unreasonably delayed" under § 706(1) and 5 U.S.C. § 555).

If there is an agency delay, the APA provides for protection against such delay in two sections:  First, 5 U.S.C. § 555(b) provides that the agency must proceed "within a reasonable time."   Second, authority to conduct interlocutory review of delay may be found in APA §706(1).  *Telecommunications Research and Action Center v. FCC,* 750 F.2d 70, 79 (D.C. Cir. 1984) ("*TRAC*").  The instant case falls clearly within the scope of unreasonable agency delay.

In determining whether agency delay is unreasonable, courts examine the five *TRAC* factors:  "(1) the time agencies take to make decisions must be governed by a 'rule of reason'[2]; (2) where Congress has provided a timetable or other indication of the speed with which it expects the agency to proceed in the enabling statute, the statutory scheme may supply content for this rule of reason; (3) delays that might be reasonable in the

---

[2] Some courts rephrase this factor as "the agency's pace of decision must follow a "rule of reason"  *See Muwekma Tribe v. Babbitt*, 133 F.Supp.2d 30, 36 (D.D.C. 2000).

sphere of economic regulation are less tolerable when human health and welfare are at stake; (4) the court should consider the effect of expediting delayed action on agency activities of a higher or competing priority; and (5) the court should also take into account the nature and extent of the interests prejudiced by delay. *Id.* at 80. The sixth side of the *TRAC* "hexagon" is actually a non-factor: The court need not find any impropriety "lurking behind agency lassitude" in order to hold that agency action is unreasonably delayed. *Id.* In the instant case, the Defendants, despite their mandated duty to act otherwise, have egregiously exceeded the bounds of reasonableness and have no legitimate, overriding justification for their unreasonable delay.

In sum, "[t]he Administrative Procedure Act (APA) empowers the [federal] court to evaluate the pace of the agency decisional process and to order expedition if the pace lags unreasonably." *Public Citizen Research Group v. FDA*, 740 F. 2d 21, 34 (D.C. Cir. 1984).

Defendants have failed to discharge their mandated official duties and as a result, Plaintiffs have suffered and continue to suffer irreparable harm.

## VI.    A COURT ORDER COMPELLING EXPEDITED ADJUDICATION OF EAD AND AP APPLICATIONS WILL NOT AFFECT OTHER AGENCY ACTIVITIES:

A Court order expediting Defendants' delayed action will not adversely affect the Defendants' ability to act on proceedings of a higher or competing priority because the processing of immigration benefit applications is the highest priority task of the USCIS. The fourth *TRAC* factor states that courts should consider the possible effects of Plaintiff's request for relief on the Defendants' "activities of a higher or competing priority." *Telecomm. Research*, 750 F.2d at 80. Courts have held that any justifications

Defendants offer with respect to adverse effects on agency priority "become less persuasive as the delay progresses, and must always be balanced against the potential for harm." *Cutler v. Hayes*, 818 F.2d 879, 898 (D.C. Cir. 1987).

Furthermore, the D.C. Circuit has determined that extensive or repeated delays are unacceptable notwithstanding competing interests. *See MCI Telecommunication Corp. v. FCC*, 627 F.2d 322 (D.C. Cir. 1980).

In the instant case, according to the USCIS website, the USCIS oversees the processing of immigration benefit applications involving "citizenship, asylum, lawful permanent residency, employment authorization, refugee status, inter-country adoptions, replacement immigration documents, family and employment related immigration, and foreign student authorization."[3] According to 8 U.S.C. § 1571, Congress has indicated a 180-day timetable for the complete processing of immigration benefit applications. On March 1, 2003, the Department of Homeland Security became responsible for securing the United States borders, as well as managing and overseeing the nation's immigration process. Previously, these duties remained solely in the hands of the Immigration and Naturalization Service ("INS"). As part of restructuring measures, the duties formerly held by the INS have now been divided. Department of Homeland Security also includes departments such as Immigration and Customs Enforcement ("ICE") and Customs and Border Patrol ("CBP"), which are entirely separate from the USCIS.

Therefore, the primary duty of the USCIS is the administration of immigration benefits to eligible applicants. A Court order expediting Defendants' action on EAD and AP applications would not adversely affect any hierarchical system of competing interests. The job of the USCIS is to process immigration benefits applications within a

---

[3] Immigration Services and Benefits, USCIS, *at http://uscis.gov/graphics/services/index.htm.*

180-day[4] timetable.  A Court order would not reprioritize the Defendants' tasks, but instead it would compel Defendants to satisfy their statutorily mandated duties.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully pray that the Court grant the following relief:

i.    Enter interim Order directing Defendants to adjudicate Plaintiff Dr. Bouguettaya's pending Application for Employment Authorization within one week (bearing Receipt Number: MSC-05-800-96467);

ii.    Enter interim Order directing Defendants to adjudicate Plaintiff Dr. Bouguettaya's pending Application for Advance Parole within one week (bearing Receipt Number: MSC-06-800-84498);

iii.    Award Plaintiffs attorneys fees, costs and expenses under Equal Access to Justice Act; and

iv.    Grant such other and further relief, as this honorable Court deems just and appropriate.

Dated: August 3, 2006                    Respectfully submitted,

                                         _____
                                         RAJIV S. KHANNA,
                                         Attorney for Plaintiffs
                                         D.C. Bar No. 419023

                                         Law Offices of Rajiv S. Khanna, P.C.
                                         5225 N. Wilson Boulevard
                                         Arlington, Virginia 22205
                                         Phone: 703-908-4800, Extension 110
                                         Facsimile: 703-908-4890
                                         e-mail: rskhanna@immigration.com

---

[4] 8 U.S.C. § 1571(2006)

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

Dr. Athman Bouguettaya, et. al.,

               Plaintiffs.

                                         **CASE NUMBER 1:06CV00482**
                                         **JUDGE: Richard J. Leon**

     v.

Michael Chertoff, Secretary DHS, et. al.,

               Defendants.

**ORDER**

      Upon consideration of Plaintiffs' Motion to Compel Adjudication of Plaintiffs Application for Employment Authorization and all materials before this court;

      IT IS ORDERED that Plaintiffs' Motion to Compel Adjudication of Plaintiff Dr. Bouguettaya's Application for Employment Authorization and Advance Parole documents is hereby GRANTED.  Defendants are ordered to adjudicate said applications within one week of this order.

Dated:_____, 2006

                                       _____
                                       RICHARD J. LEON
                                       United States District Court Judge

CC:

Rajiv S. Khanna
Law Offices of Rajiv S. Khanna, P.C.
5225 N. Wilson Boulevard
Arlington, Virginia 22205

Kenneth L. Wainstein
United States Attorney

Judiciary Center Building
555 4th St., N.W.
Washington, D.C. 20530

Rudolph Contreras
Assistant United States Attorney
Judiciary Center Building
555 4th St., N.W.
Washington, D.C. 20530

Heather D. Graham-Oliver
Assistant United States Attorney
Judiciary Center Building
555 4th St., N.W.
Washington, D.C. 20530

## STATEMENT IN LIEU OF CERTIFICATE OF SERVICE

Pursuant to LCivR 5.4(d), a certificate of service is not required in this matter because the

attached filing was made electronically and to the best of my knowledge, information and

belief, all Defendants are notified through the Electronic Case Filing System.

Dated: 3 August 2006

Respectfully submitted,

_____

RAJIV S. KHANNA,
Attorney for Plaintiffs
D.C. Bar No. 419023

Law Offices of Rajiv S. Khanna, P.C.
5225 N. Wilson Boulevard
Arlington, Virginia 22205
Phone: 703-908-4800, Extension 110
Facsimile: 703-908-4890
e-mail: rskhanna@immigration.com