UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **Dr. Athman Bouguettaya et al.,** | ) |
| | ) |
| | ) |
| **Plaintiffs,** | ) |
| | ) |
| v. | ) |
| | ) Civ. Act. No. 06-0482 (RJL) |
| **Michael Chertoff et al.,** | ) |
| | ) |
| | ) |
| **Defendants.** | ) |

## OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL

Now comes the federal Defendants in opposition to Plaintiff Dr. Athman Bouguettaya's (Plaintiff) Motion to Compel the adjudication of his application for Employment Authorization (EAD), Form I-765, and Advance Parole (AP), Form I-131.[1] Plaintiff alleges that Defendant U.S. Citizenship and Immigration Services (USCIS or Defendant) have unreasonably failed to adjudicate his requests for employment authorization and advance parole in a timely fashion. Plaintiff himself makes it clear in his motion that he is only seeking to compel the "adjudication" of these applications and not the underlying Form I-485, Application to Register Permanent Residence or Adjust Status (AOS application).[2]  See Plf's Opp'n, p. 5.

---

[1] The federal defendants are: Michael Chertoff, United States Secretary of Homeland Security; Eduardo Aguirre, Jr., Director, U.S. Citizenship and Immigration Services (USCIS); Phyllis Howard, District Director, Washington District Office, USCIS; Paul Novak, Vermont Service Center, USCIS; Robert Mueller, III, Director, Federal Bureau of Investigation; and Alberto R. Gonzales, Attorney General for the United States.

[2] An alien may submit an EAD application for permission to work within the United States while an AOS application is pending adjudication.  See 8 CFR 274a.12(c))(9).  An alien who needs to travel outside the United States may also request advance parole before departing the United States so that the alien may be permitted to return to the United States in parolee

On August 22, 2006, Defendant approved Plaintiff's Form I-131, Application for Travel Document, and authorized issuance of a Form I-512, Authorization for Parole of Alien into the United States, allowing the Plaintiff to be paroled into the United States, if otherwise admissible, following any travel outside of the United States while his AOS application is pending.  See Susan Dibbins Declaration at ¶ 7.  On August 22, 2006, Defendant denied Plaintiff's Form I-765, the EAD application.  Id. at ¶ 11.  As a result, Plaintiff's motion to compel the adjudication of these applications is moot.

## I.  Argument

### A.  Plaintiff's Motion Seeking an Order from this Court to Compel Adjudication of his EAD and AP Applications is Moot

The petitioning Plaintiff's action to compel adjudication of his EAD and AP applications is moot, as USCIS has adjudicated the applications.  In general, "a case becomes moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome."  Murphy v. Hunt, 455 U.S. 478, 481 (1981) (per curiam); Video Tutorial Services v. MCI Telecommunications, 79 F.3d 3, 5 (2nd Cir. 1996).  If this occurs, the Constitution's case or controversy requirement (U.S. Const. Art. III, § 2) is not satisfied, and a federal court must dismiss the action for lack of subject matter jurisdiction.  Article III of the Constitution restricts

---

status and continue to pursue a pending application.  Normally, any departure from the United States while an application or petition is pending will result in the application or petition being deemed abandoned and subsequently denied.  When advance parole is issued prior to an AOS applicant's departure from the United States, the departure will not result in the AOS application pending before USCIS being deemed abandoned.  See 8 CFR 245.2(a)(4).  A decision on the AOS application nullifies a need to adjudicate interim EAD and AP applications because neither document is required for lawful permanent residents, who are employment authorized by virtue of their immigration status, and admissible to the United States without further documentation beyond the Form I-551, Permanent Resident Card.

federal court jurisdiction to "actual, ongoing controversies." McBryde v. Comm. to Review Circuit Council Conduct and Disability Orders of the Judicial Conference of the United States, 264 F.3d 52, 55 (D.C. Cir. 2001); See Columbian Rope Co. v. West, 142 F.3d 1313, 1316 (D.C. Cir. 1998) (quoting Honig v. Doe, 484 U.S. 305, 317 (1988)).  A case or claim no longer involves an actual controversy, or is considered moot, where events have so transpired that the decision will not presently affect the parties' rights or have a more-than-speculative chance of affecting them in the future.  See id.

In the instant case, the only relief sought by Plaintiff is a court order compelling Defendant to adjudicate the EAD and AP applications.  USCIS has acted on these pending applications.  See Susan Dibbins Declaration at ¶¶ 7 and 11.  For these reasons, Plaintiff's Motion to Compel is moot.

    **B.**    **This Court lacks jurisdiction under INA section 242(a)(2)(B)(ii)**

Notwithstanding the fact that the motion to compel the adjudication of the EAD application is moot, this Court would not have had jurisdiction to order USCIS to approve the EAD application or adjudicate it by a specific time frame.

Under section 242(a)(2)(B)(ii) of the Immigration Naturalization Act (INA), a Court lacks jurisdiction to review "any decision or action . . . of the Secretary the authority for which is specified under this title to be in the discretion of the Attorney General or the Secretary of Homeland Security...." 8 U.S.C. § 1252(a)(2)(B)(ii).  Unlike an analysis under the Administrative Procedures Act (APA), in analyzing the applicability of section 242(a)(2)(B)(ii) of the INA, the Court is not required to look beyond the statutory provision under which the complained-of action has been taken.  See Jilin Pharmaceutical USA, Inc. v. Chertoff, 7 F.3d

196, 199-200 (3rd Cir. May 10, 2006); see also Zhu v. Gonzales, 411 F.3d 292 (D.C. Cir. 2005). In conducting the analysis of whether the statute specifies that the decision-making authority is in the discretion of the Attorney General or Secretary of Homeland Security (Secretary), the Court need not look to any particular "magic words" but instead, "should give effect, if possible, to every clause and word of [the] statute." See Zhu, 411 F.3d at 294-95.  Therefore, the statute need not include the word "discretion."

USCIS's discretionary authority to adjudicate Form I-765 applications for EADs derives from two statutory provisions – section 274a of the INA, 8 U.S.C. § 1324a, and section 245(a) of the INA, 8 U.S.C. § 1255(a).  Under section 274a of the INA, 8 U.S.C. § 1324a, it is unlawful for an employer to hire an alien who is not *authorized* to work in the United States.  Whether the Secretary will authorize an alien to work in the United States through the grant of an EAD will depend on the type and nature of the alien's underlying immigration status or pending benefit applications before USCIS (e.g., the AOS application).  The instant case involves the Plaintiff's application for an EAD on the basis of his pending AOS application.

Whether an applicant for AOS may be granted work authorization rests within the sole discretion of the Secretary. See section 245(a) of the INA, 8 U.S.C. § 1255(a).  Under section 245(a) of the INA, the Secretary may, "*in his discretion and under such regulations as he may prescribe*," adjust the status of an otherwise eligible person to that of an alien lawfully admitted for permanent residence."  (Emphasis added).  The AOS process under 245(a) of the INA commences with the filing of an application for AOS.  The derivative applications such as the EAD and AP are permitted only on the basis of the pending, underlying AOS application. Therefore, the treatment of any such derivative applications during the pendency of the AOS

application falls squarely within section 245(a) of INA, 8 U.S.C. § 1255(a). In short, section 245(a) clearly assigns to the Secretary the discretion to adjudicate any AOS-dependent application, such as an EAD application.

Further, under regulations promulgated by USCIS, the decision whether to grant an application for employment authorization rests within the sound discretion of USCIS. See 8 CFR 274a. Specifically, while the Secretary has, by regulation, extended the privilege of seeking employment authorization to certain AOS applicants, see 8 CFR 274a.12(c)(9), he has made it clear that the initial grant of this privilege to such adjustment applicants rests entirely within his discretion. See 8 CFR 274a.13(a)(2). While 8 CFR 274a.13(d) allows a person whose application for an EAD (as opposed to the underlying AOS application) has been pending for longer than ninety days to obtain interim employment authorization, this grant of interim authorization only is available when there remains a currently pending application for EAD. Thus, this provision does not apply in cases, such as here, where the underlying EAD application (Form I-765) has been adjudicated and denied. Accordingly, this Court lacks jurisdiction under section 242(a)(2)(B)(ii) of the INA to either order USCIS to approve the EAD application or adjudicate it by a specific time frame.

## II.     CONCLUSION

For all of the foregoing reasons, this Court should deny Plaintiff's Motion to Compel for

mootness and lack of subject matter jurisdiction.

                          Respectfully submitted,

                          /s/
                      _____
                      KENNETH L. WAINSTEIN, D.C. BAR # 451058
                      United States Attorney

                          /s/
                      _____
                      RUDOLPH CONTRERAS, D.C. BAR # 434122
                      Assistant United States Attorney

                          /s/
_____
                      HEATHER D. GRAHAM-OLIVER
                      Assistant United States Attorney
                      Judiciary Center Building
                      555 4th St., N.W.
                      Washington, D.C.  20530
                      (202) 305-1334