UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **Dr. Athman Bouguettaya et al.,** | ) |
| | ) |
| | ) |
| **Plaintiffs,** | ) |
| | ) |
| v. | ) |
| | ) Civ. Act. No. 06-0482 (RJL) |
| **Michael Chertoff et al.,** | ) |
| | ) |
| | ) |
| **Defendants.** | ) |

**DEFENDANTS' MOTION TO DISMISS**

The Federal Defendants, by and through undersigned counsel, respectfully request that this Court dismiss plaintiff's claims in their entirety, pursuant to Fed. R. Civ. P. 12(b)(1) and (6), for lack of subject matter jurisdiction and failure to state a claim. Defendants respectfully refer the Court to the accompanying memorandum and declaration of Susan Dibbins in support of this motion.

Respectfully submitted,

/s/
_____
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney

/s/
_____
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney

                    /s/
_____  _____
                    HEATHER D. GRAHAM-OLIVER
                    Assistant United States Attorney
                    Judiciary Center Building
                    555 4th St., N.W.
                    Washington, D.C.  20530
                    (202) 305-1334

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **Dr. Athman Bouguettaya et al.,** | ) |
| | ) |
| **Plaintiffs,** | ) |
| | ) |
| v. | ) |
| | ) Civ. Act. No. 06-0482 (RJL) |
| **Michael Chertoff et al.,** | ) |
| | ) |
| **Defendants.** | ) |

**DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION TO DISMISS**

Plaintiff alleges that USCIS has unreasonably failed to adjudicate his applications. To the extent Plaintiff, Dr. Athman Bouguettaya, asks this Court to order Defendants[1], specifically the USCIS, to process all of his applications including the permanent resident application for Adjustment of Status and interim applications for Employment Authorization (EAD), Form I-765, and travel authorization [Advance Parole (AP)], Form I-131; such a request is moot.

**I. Factual Background**

On December 17, 2001, Athman Bouguettaya, Alien No. 70 469 015, filed an Adjustment of Status application with USCIS. See Declaration of Susan Dibbins, Assistant District Director of the Fairfax Office of the USCIS, ("Dibbins' Decl.),¶ 1.

As an adjustment of status applicant, Mr. Bouguettaya was entitled to apply for advance

---

[1] The federal defendants are: Michael Chertoff, United States Secretary of Homeland Security; Eduardo Aguirre, Jr., Director, U.S. Citizenship and Immigration Services (USCIS); Phyllis Howard, District Director, Washington District Office, USCIS; Paul Novak, Vermont Service Center, USCIS; Robert Mueller, III, Director, Federal Bureau of Investigation; and Alberto R. Gonzales, Attorney General for the United States. USCIS is a subcomponent of the Department of Homeland Security.

parole and employment authorization, which are two immigration benefits that are adjudicated by USCIS in its discretion. Dibbins' Decl.,¶ 2.

On February 1, 2006, Mr. Bouguettaya filed his most recent application for advance parole with USCIS.[2] Dibbins' Decl.,¶ 3. On August 22, 2006, USCIS completed adjudication of the advance parole application and issued an advance parole. Id., ¶ 4. The document, Form I-512, was sent by regular mail to the last known address of Mr. Bouguettaya and a copy was sent by mail to his attorney of record. Id.

On September 16, 2005, Mr. Bouguettaya filed his most recent application for employment authorization, Form I-765, with USCIS. See Dibbins' Decl.,¶ 5. The employment authorization application submitted by Mr. Bouguettaya on September 16, 2005, was not adjudicated within 90 days following the date of receipt of the application. However, USCIS issued Mr. Bouguettaya an interim employment authorization document, in compliance with 8 CFR § 274a.13(d). Id.,¶ 6.

In a submission to this Court filed on August 3, 2006, Mr. Bouguettaya declared on July 19, 2006, that he was, at that time, authorized to work until September 30, 2006. Dibbins' Decl., ¶ 7.

On August 22, 2006, USCIS completed the adjudication of the application for employment authorization submitted by Mr. Bouguettaya on September 16, 2005, and issued a written denial of the application, which was sent by regular mail to the last known address of Mr. Bouguettaya. A copy was also sent by mail to his attorney of record. Id., ¶ 8

---

[2] An advance parole is an interim travel authorization document that is issued pending a decision on the adjustment of status application.

On September 29, 2006, USCIS completed the adjudication of the Adjustment of Status application, submitted by Mr. Bouguettaya on December 17, 2001, and issued a written denial. The written denial was sent by regular mail to the last known address of Mr. Bouguettaya. A copy was then faxed to his attorney of record. Id., ¶ 9.

## II. Argument

*USCIS Has Processed Plaintiff's Adjustment of Status Application and As a Result Plaintiff's Claims Are Moot*

USCIS has adjudicated plaintiff's application, therefore his request for relief is moot. Dibbins' Decl., ¶9. In general, " a case becomes moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." Murphy v. Hunt, 455 U.S. 478, 481 (1981) (per curiam). If this occurs, the case or controversy requirement of Article III of the Constitution cannot be satisfied and the Court may dismiss the action for lack of subject matter jurisdiction Samaritan Inns, Inc., v. District of Columbia, 114 F.3d 1227, 1239-40 (D.C. Cir. 1997) (reasonable accommodation claims under the Fair Housing Act became moot after the District of Columbia issued the requested certificate of occupancy). Article III, Section 2 of the Constitution permits federal courts to adjudicate only "actual, ongoing controversies." McBryde v. Comm. to Review Circuit Council Conduct and Disability Orders of the Judicial Conference of the United States, 264 F.3d 52, 55 (D.C. Cir. 2001) citing Honig v. Doe, 484 U.S.305, 317 (1988). To satisfy the Article III case or controversy requirement, a litigant must have suffered some actual injury that can be redressed by a favorable judicial decision. Iron Arrow Honor Society v. Heckler, 464 U.S. 67, 70 (1983). See Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992) (holding that in order to assert standing under Article III, a plaintiff must demonstrate that it is likely as opposed to merely speculative, that the injury will be redressed by a favorable

decision.") Here, it is unlikely that plaintiff can demonstrate any injury for which this court may grant any meaningful relief. If events outrun the controversy such that the court can grant no meaningful relief, the case must be dismissed as moot. McBryde v. Comm. to Review, 264 F.3d at 55. Because the applications have been adjudicated this Court has no more jurisdiction over the matter.

As explained above, the Department of Homeland Security, through USCIS, exercised its discretion and completed plaintiff's pending application on September 29, 2006. Id. Accordingly, plaintiff's request that the Court order the USCIS to process his application is now moot and his claims must be dismissed. See, e.g., Barabski v. Buckles, No. 02-0073 (HHK) (D.D.C. Oct. 31, 2002) (dismissing plaintiff's request for an order that the Treasury Department process his applications to import firearms as moot once the Treasury denied plaintiff's license application); In Re Beehive Telephone Co., Inc., 1999 WL 1215782, 1 (D.C. Cir. Nov. 5, 1999) (dismissing as moot petition for writ of mandamus where, after filing of case, agency denied the request that petitioner claimed agency had failed to act upon); U.S. ex rel. Chicago Great Western R.R. Co. v. ICC, 294 U.S. 50, 60 (1935) ("[w]here judgment or discretion is reposed in an administrative agency and has by that agency been exercised, courts are powerless by the use of the writ [of mandamus] to compel a different conclusion"). See also DeFunis v. Odegaard, 416 U.S. 312, 316 (1974) (federal courts are without power to decide questions that cannot affect the rights of litigants in the case before them); Fraternal Order of Police v. Rubin, 134 F. Supp.2d 39, 41 (D.D.C. 2001) (no justiciable controversy is presented when the question to be adjudicated has been mooted by subsequent developments); Columbian Rope Co. v. West, 142 F.3d 1313, 1316 (D.C. Cir. 1998) ("Even where litigation poses a live controversy when filed,

the [mootness] doctrine requires a federal Court to refrain from deciding it if events have so transpired that the decision will neither presently affect the parties' rights nor have a more-than-speculative chance of affecting them in the future."); <u>Action on Smoking & Health v. Dep't of Labor</u>. 28 F.3d 162, 163 (D.C. Cir. 1994) (claim was moot once OSHA issued a notice of proposed rulemaking).  Because all outstanding applications have been decided,  Defendants request that this action be dismissed as moot.

 Moreover, Notwithstanding the fact that Plaintiff's claims are moot, this Court would not have had jurisdiction to order USCIS to approve the Adjustment of Status application.

 Under section 242(a)(2)(B)(ii) of the Immigration Naturalization Act (INA), a Court lacks jurisdiction to review "any decision or action . . . of the Secretary the authority for which is specified under this title to be in the discretion of the Attorney General or the Secretary of Homeland Security...." 8 U.S.C. § 1252(a)(2)(B)(ii).  Unlike an analysis under the Administrative Procedures Act (APA), in analyzing the applicability of section 242(a)(2)(B)(ii) of the INA, the Court is not required to look beyond the statutory provision under which the complained-of action has been taken.  See <u>Jilin Pharmaceutical USA, Inc. v. Chertoff</u>, 7 F.3d 196, 199-200 (3rd Cir. May 10, 2006); <u>see also</u> <u>Zhu v. Gonzales</u>, 411 F.3d 292 (D.C. Cir. 2005).

 Under section 245(a) of the INA, 8 U.S.C. § 1255(a), the Secretary may, "*in his discretion and under such regulations as he may prescribe*," adjust the status of an otherwise eligible person to that of an alien lawfully admitted for permanent residence."  (<u>Emphasis added</u>).  Accordingly, section 245(a) clearly assigns to the Secretary of Homeland Security the discretion to adjudicate any Adjustment Of Status application or other dependent application, such as the Employment Authorization or Advance Parole application.

Even in the absence of the above discussed basis for divesting the Court of jurisdiction, this Court would lack jurisdiction under section 701 of the Administrative Procedures Act (APA). See 5 U.S.C. 701(a) (prohibiting judicial review "to the extent that (1) statutes preclude judicial review; or (2) agency action is committed to agency discretion by law."

In the instant case, the standard for determining whether a petitioner is eligible for an adjustment of status is left entirely to the discretion of the agency, and is not defined either by statute or by regulation. For this reason, the Court lacks lacks jurisdiction under the APA.

## II.  CONCLUSION

For all of the foregoing reasons, this Court should grant the Defendant's Motion to Dismiss.

Respectfully submitted,

/s/

JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney

/s/

RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney

/s/

HEATHER D. GRAHAM-OLIVER
Assistant United States Attorney
Judiciary Center Building
555 4th St., N.W.
Washington, D.C. 20530
(202) 305-1334