UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **Dr. Athman Bouguettaya et al.,** | ) |
| | ) |
| **Plaintiffs,** | ) |
| | ) |
| v. | ) |
| | ) Civ. Act. No. 06-0482 (RJL) |
| **Michael Chertoff et al.,** | ) |
| | ) |
| **Defendants.** | ) |

### DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION

Defendant, U.S. Citizenship and Immigration Services (USCIS), by and through counsel, hereby replies to Plaintiff's Opposition to the Motion to Dismiss. Plaintiff has raised no legally sufficient challenge to the grounds for dismissal. As an initial matter, Defendant USCIS notes that Plaintiff's original cause of action was a writ of mandamus to compel <u>adjudication</u> of the underlying application for adjustment of status (AOS) that was filed with USCIS on February 1, 2006. USCIS adjudicated the adjustment application and rendered a decision on September 29, 2006. Since Plaintiff received the relief requested, this action is now moot.

Plaintiff now suggests in his opposition that the "Defendants' motion be held in abeyance until a decision has been rendered on the Motion to Reopen and Reconsider filed . . . on October 10, 2006 with the defendant USCIS." Plaintiff's Opposition (Opp.) at p. 4. This request should be denied.

A motion to dismiss adequately underpinned is not defeated simply by a request to hold the action in abeyance. The only issue that is properly before this Court is delay in the adjudication of Plaintiff's AOS application. Now that the application has been decided, there is

no case or controversy that remains "live" for this Court to review and the action should be dismissed for lack of subject matter jurisdiction. Samaritan Inns, Inc. v. District of Columbia, 114 F.3d 1227, 1239-40 (D.C. Cir. 1997). Even if this Court were to determine that there is an "actual, ongoing controversy," this Court still would lack subject matter jurisdiction to review the underlying adjustment denial on two grounds.

    First, as noted in Defendant's motion to dismiss, this Court has no jurisdiction to review the denial of the application for adjustment of status in light of sections 242 (a)(2)(B)(i) and 242(a)(2)(B)(ii) of the Immigration and Nationality Act (INA). 8 U.S.C. § 1252(a)(2)(B)(i) and (ii). Pursuant to section 242(a)(2)(B)(i), courts lack jurisdiction to review "any judgment regarding the granting of relief under section ...1255 of this title [section 245 of the INA]." 8 U.S.C. § 1252(a)(2)(B)(i). This section specifically includes decisions made regarding AOS applications. Moreover, and more generally, Courts lack jurisdiction to review "any decision or action...of the Secretary the authority for which is specified under this title to be in the discretion of the Attorney General or the Secretary of Homeland Security...." 8 U.S.C. § 1252(a)(2)(B)(ii).

    The only narrow exception to this jurisdictional limitation is provided under section 242(d) of the INA, 8 U.S.C. 1252(d).[1] An applicant may receive judicial review of an administrative decision enumerated or covered under section 242(a)(2)(B), only if it was adjudicated in the context of a removal proceeding and the applicant is seeking review of a final

---

[1] Nothing in subparagraph (B) or (C), or in any other provision of this chapter (other than this section) which limits or eliminates judicial review, shall be construed as precluding review of constitutional claims or questions of law raised upon a petition for review filed with the appropriate court of appeals in accordance with this section.

removal order upon petition for review before the appropriate Court of Appeals.[2]

The grant of AOS is clearly a matter of discretion and falls within the parameters of section 242(a)(2)(B)(i) of the INA, 8 U.S.C. § 1252(a)(2)(B)(i). This action therefore must be dismissed for lack of subject matter jurisdiction under section 242(a)(2)(B)(i) of the INA.

Secondly, Plaintiff also has failed to exhaust his administrative remedies, as evidenced by the fact that his motion to reconsider remains pending with USCIS and by the fact that Plaintiff will have additional administrative remedies in a removal proceeding upon renewal of the application for adjustment of status under section 245(a) of the INA, 8 U.S.C. § 1255(a). Section 242(d)(1), 8 U.S.C. § 1252(d)(1), provides that "[a] court may review a final order of removal only if ... the alien has exhausted all administrative remedies available to the alien as of right." This jurisdictional requirement prevents an alien from bypassing the administrative process. *See Kurfees v. INS*, 275 F.3d 332, 336-37 (4th Cir. 2001).

Here, this Court should hold that section 242(d)(1), 8 U.S.C. § 1252(d)(1), obliges the Plaintiff to renew his application for adjustment in a removal proceeding and prosecute an administrative appeal to the Board of Immigration Appeal (BIA). *See Cardoso v. Reno*, 216 F.3d 512, 517-18 (5th Cir. 2000) (affirming dismissal of complaint by applicant who has not been placed in removal proceeding challenging agency's denial of adjustment based on 8 U.S.C. § 1252(d)).

Finally, to the extent that Plaintiff seeks to assert at this stage that this Court has subject matter jurisdiction under the Administrative Procedure Act (APA), 5 U.S.C. §§ 504, 701, as Defendants have already noted in their motion to dismiss, the district court has no jurisdiction

---

[2] No removal proceeding has been instituted to date.

under the APA to review agency actions regarding the grant or denial of adjustment of status because the APA does not independently confer subject matter jurisdiction upon the Court. *See Califano v. Sanders*, 430 U.S. 99 (1977). Nor can the APA be viewed as implying subject matter jurisdiction. Furthermore, under 5 U.S.C. 701(a), judicial review is prohibited "to the extent that (1) statutes preclude judicial review; or (2) agency action is committed to the agency discretion by law."

Section 242(a)(2)(B) of the INA, 8 U.S.C. § 1252(a)(2)(B) clearly precludes judicial review of adjustment decisions. Also, section 245(a), 8 U.S.C. § 1255(a), clearly assigns to the Secretary of Homeland Security the discretion to adjudicate any adjustment of status application and thus as a result APA review is not allowed. Since section 242(a)(2)(B)[3] precludes judicial review, this Court need not conduct an APA analysis. *See Zhu v. Gonzales*, 411 F.3d 292 (D.C. Cir. 2005).

Similarly, the Attorney General and Secretary of Homeland Security are granted "broad discretion" to grant or deny a motion to reopen or reconsider. Motions to reopen proceedings or reconsider prior decisions are governed generally by 8 C.F.R. § 103.5(a), which derives from the Secretary's general authority under section 103 of the INA to administer and enforce the immigration and naturalization provisions. Any decisions on such motions also would arguably be covered under section 242(a)(2)(B)(ii) of the INA, 8 U.S.C. § 1252(a)(2)(B)(ii). Accordingly, Defendant submits that the issue is not ripe for review because the motion has not been decided by USCIS.

---

[3] 8 U.S.C. § 1252(a)(2)(B).

## CONCLUSION

Based on the foregoing, Defendants reassert that this case is moot and that this Court should dismiss for lack of jurisdiction. Further, this Court should dismiss Plaintiff's request to hold the decision in abeyance. Defendant's motion to dismiss for lack of subject matter jurisdiction should be granted under the mandates of section 242(a)(2)(B) of the INA, 8 U.S.C. § 1252(a)(2)(B).

Respectfully submitted,

/s/
_____
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney

/s/
_____
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney

                              /s/
_____
HEATHER D. GRAHAM-OLIVER
Assistant United States Attorney
Judiciary Center Building
555 4th St., N.W.
Washington, D.C. 20530
(202) 305-1334