FILED

JAN 3 1 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

DR. ATHMAN BOUGUETTAYA *et al.*,    )
                                    )
    Plaintiffs,                 )
                                    )
v.                                  )    No. 06-0482 (RJL)
                                    )
MICHAEL CHERTOFF, *et al.*          )
                                    )
    Defendants.                 )

## MEMORANDUM OPINION
(January **3** , 2007) [#23]

    Dr. Athman Bouguettaya and his wife Malika have brought this action seeking a writ of mandamus to compel the defendants,[1] specifically the United States Citizenship and Immigration Services (USCIS), to adjudicate his Employment-Based Adjustment of Status (AOS) Application pursuant to the Mandamus Act (28 U.S.C. § 1361), Declaratory Judgment Act (28 U.S.C. § 2201), and the Administrative Procedure Act (5 U.S.C. §§ 551 *et seq.*). Currently pending is the defendants' motion to dismiss. For the reasons set forth below, this defendants' motion is GRANTED.

### BACKGROUND

    The Bouguettayas are citizens of Australia currently living in Virginia. On December 17, 2001, Dr. Bouguettaya filed an AOS application with the Washington

---

[1] The federal defendants are Michael Chertoff, United States Secretary of Homeland Security; Eduardo Aguirre, Jr., Director, USCIS; Phyllis Howard, District Director, Washington District Office, USCIS; Paul Novak, Vermont Service Center, USCIS; Robert Mueller, III, Director, Federal Bureau of Investigation; and Alberto R. Gonzales, Attorney General for the United States. USCIS is a subcomponent of the Department of Homeland Security.

District Office of the USCIS. (Compl. ¶ 19). When the plaintiffs filed the present action on March 15, 2006, that application was still pending. *Id.*

On September 29, 2006, USCIS finally issued Dr. Bouguettaya a written denial of his application. (Mot. Dismiss 5.) Defendants subsequently moved to dismiss the complaint as moot.

## ANALYSIS

Article III, § 2 of the Constitution limits the jurisdiction of the federal courts to "actual cases and controversies." *Utah v. Evans*, 536 U.S. 452, 459 (2002) (citing U.S. Const. Art. III, § 2, cl. 1). To satisfy this requirement, a litigant must have suffered some actual injury that can be redressed by a favorable decision. *Iron Arrow Honor Society v. Heckler,* 464 U.S. 67, 70 (1983). Thus, "even where litigation poses a live controversy when filed, the [mootness] doctrine requires a federal court to refrain from deciding it if 'events have so transpired that the decision will neither presently affect the parties' rights nor have a more-than-speculative chance of affecting them in the future.' " *Columbian Rope Co. v. West*, 142 F.3d 1313, 1316 (D.C. Cir. 1998) (quoting *Clarke v. United States*, 915 F.2d 699, 701 (D.C. Cir. 1990)).

As USCIS denied Dr. Bouguettaya's AOS application on September 29, 2006, his request that the Court order the USCIS to process that application is now moot.

Accordingly, the Court is without jurisdiction to hear the plaintiffs' claims, and for the reasons stated above, defendants' motion to dismiss will be GRANTED.

RICHARD J. LEON
United States District Judge